IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01905-BNB

NOAH NATHANIEL HEALY 120908,

        Plaintiff,

v.

UNKNOWN STERLING CORRECTIONAL OFFICER(S),
LT. E. LAWSON NO. 2956,
NANCY WHITE,
SGT NICHOLS, and
CORRECTIONAL OFFICER BERGNER,

        Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 04 2009

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Noah Nathanial Healy, is in the custody of the Colorado Department of Corrections and is currently incarcerated at the Sterling Correctional Facility. He initiated this action by submitting a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 on August 5, 2009.

The Court must construe the Complaint liberally because Mr. Healy is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an

advocate for a *pro se* litigant. *See id.* Under Section 1983, a plaintiff must allege that the defendants have violated his or her rights under the United States Constitution while the defendants acted under color of state law. For the reasons stated below, Mr. Healy will be directed to file an amended complaint.

Mr. Healy asserts five claims. In his first claim, he alleges that Defendant Lt. E. Lawson assaulted him on June 3, 2009. In his second claim, he alleges that "unknown Sterling Correctional Officers" either participated in the June 3, 2009 assault, or watched the assault and failed to protect him. In his third claim, he alleges that Defendant Sgt. Nichols used excessive force, although he does not specify the date on which the incident occurred or what type of force was applied. In his fourth claim, he appears to allege that Defendant Nurse Nancy White falsified medical documents when she examined him after an assault. In his fifth claim, he appears to allege that Defendant Correctional Officer Bergner applied excessive force to his nose. For the reasons stated below, Mr. Healy will be ordered to file an Amended Complaint.

The Court has reviewed the Complaint filed by Mr. Healy and finds that the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the Mr. Healy is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications*

2

*Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Healy fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Mr. Healy's claims are vague and confusing. Therefore, Mr. Healy will be directed to file an Amended Complaint that complies with the pleading requirements of Rule 8. Mr. Healy is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims.

Further, Mr. Healy should also take note that he must assert each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Healy must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure

3

to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A named defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Healy is instructed that to state a claim in this Court, he must state with specificity what each named defendant did to him, when they did it, how their action harmed him, and what specific legal right they violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Healy may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Healy uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service. Accordingly, it is

ORDERED that Plaintiff, Noah Nathanial Healy, file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that it shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Healy, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Prisoner Complaint. It is

4

FURTHER ORDERED that, if Mr. Healy fails to file an amended complaint that complies with this order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED September 4, 2009, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  09-cv-01905-BNB

Noah Nathaniel Healy
Reg No. 120908
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 9|4|09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk